## In re Anonymous No. 46 D.B. 93

Disciplinary Board Docket no. 46 D.B. 93.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCARICAMAZZA JR., *Vice-Chair,* January 22, 2001— Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On May 11, 1993 [   ], petitioner in this proceeding, was suspended from the practice of law in Pennsylvania by order of the Supreme Court. The suspension was pursuant to the order of the Supreme Court of the State of Delaware dated October 21, 1992, wherein petitioner was suspended for an indefinite period of time in the State of Delaware.

On August 30, 1999, petitioner filed a petition for reinstatement. A reinstatement hearing was held on January 13, 2000 before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Petitioner appeared pro se. Office of Disciplinary Counsel was represented by [   ], Esquire.

The committee issued a report on April 28, 2000 and recommended that the petition for reinstatement be granted.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of August 2, 2000.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner was born in 1960 and was admitted to the bar in the Commonwealth of Pennsylvania in 1984. He resides at [   ]. His current business address is [   ] .

(2) In January 1986, petitioner was admitted to the bar in New York. In November 1989 he was admitted to the bar in the State of Delaware.

(3) After graduating from law school, petitioner clerked for Justice [A] of the Supreme Court of Pennsylvania

for two years. He then obtained an associate position with [B] in [  ] where he worked until February 1989.

(4) In or about March 1989, petitioner obtained full-time employment with [C] in [  ]. He worked there until March 1990 when he left to assist in the care of his future mother-in-law, who was ill. He cared for her until she died in September 1991.

(5) Petitioner then obtained employment as an administrative assistant with [D] until August 1994.

(6) In August 1994, petitioner began working for [E]. He remained an employee of this company until February 1997 when he started working as an office administrator with [F], where he is currently employed.

(7) Petitioner was suspended from the practice of law in Delaware by the Supreme Court of Delaware by order dated October 21, 1992 for his failure to comply with Rule 4(a)(1) of the Rules of the Commission on Continuing Legal Education. Petitioner failed to certify that he took the required 30 hours of accredited continuing legal education for the two-year reporting period ending July 31, 1991. As a result, he was suspended indefinitely pursuant to Supreme Court Rule 70 and Rule 7 of the Commission on Continuing Legal Education.

(8) By order dated May 11, 1993, the Supreme Court of Pennsylvania suspended petitioner under its rules pertaining to reciprocal discipline.

(9) By order dated February 3, 1999, petitioner was reinstated as a member of the Delaware Bar, as he fulfilled 45 hours of continuing legal education credits for that jurisdiction.

(10) Petitioner fulfilled his CLE requirements for reinstatement to the bar in Pennsylvania.

(11) Character references from petitioner's employers demonstrate that petitioner is a very competent and ethical employee who would be a credit to the legal profession.

(12) If reinstated, petitioner plans to be in-house counsel for [F]. His practice would be limited to general business matters and construction law issues.

(13) Petitioner has no history of prior discipline.

## III. CONCLUSIONS OF LAW

Petitioner has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania.

His resumption of the practice of law will be neither detrimental to the integrity and standing of the bar nor of the administration of justice nor subversive of the public interest.

## IV. DISCUSSION

Petitioner seeks reinstatement to the bar in Pennsylvania after his suspension in 1993 as a result of reciprocal discipline. Petitioner was suspended in the State of Delaware in October 1992 solely as a result of his failure to take the requisite number of continuing legal education credits mandated by the Supreme Court of Delaware. Petitioner explained that in the early 1990s he was not working in the legal field and was financially unable to complete the required credits.

Petitioner petitioned for reinstatement in Delaware and was required to submit a plan for makeup of the continuing legal education credits. Petitioner submitted a plan to take 45 credit hours and completed the plan as of December 1998. The Supreme Court of Delaware reinstated petitioner on February 3, 1999.

During petitioner's seven years of suspension, he worked for several different companies as an administrative assistant. He currently works for a contracting company, where he will act as in-house counsel if reinstated. Petitioner has completed CLE credits for reinstatement in Pennsylvania, submitted character references in support of his moral qualifications and has proven himself to be competent and learned in the law. Pursuant to Pa.R.D.E. 218(c)(3)(i), petitioner has met his burden of demonstrating that he is qualified for reinstatement to the bar of this Commonwealth.

For the reasons set forth above, the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [　], be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

## ORDER

And now, January 22, 2001, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated November 28, 2000, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.